UNITED STATES OF AMERICA,

v.

**Rosalie GARCIA, Manuel Roman, and Ricardo Silva, Defendants.**

No. S201CR1110(GEL).

United States District Court,
S.D. New York.

Oct. 18, 2005.

David S. Greenfield, New York, NY, for Ricardo Silva.

Elizabeth Maringer, United States Attorney, New York, NY, for U.S.

**OPINION AND ORDER**

LYNCH, District Judge.

Defendants stand indicted for a variety of offenses, principally including multiple counts of murder in aid of a racketeering enterprise. The Government has applied for a protective order limiting the use of material supplied to the defense pursuant to 18 U.S.C. § 3500 ("3500 material"), by requiring that defense counsel return or destroy all copies of such material at the conclusion of the case; that the defense not disseminate the material to anyone beyond the defendants and the defense team; and that the defendants not be permitted to possess any 3500 material in any jail facility except when reviewing it in the presence of defense counsel. Defendants object to the proposed order. The Government's application will be granted.

Although the Government cites a handful of cases in which orders of this type have been granted by judges in this district, and the defense cites another handful in which such orders were not imposed, neither side cites any authority explicitly

addressing the propriety of such an order. Accordingly, I write briefly to explain my reasoning in granting the order.

Defendants have a right to participate in their defense. Moreover, defense counsel need to be able to consult with their clients about the nature of the prosecution's expected proof. Often, the defendants alone possess information that may be critical in refuting the Government's evidence, or in discrediting expected prosecution witnesses. Defense counsel must thus be free to communicate freely with their clients, and to discuss with them the anticipated testimony against them. In view of the limited discovery provided to defendants under the Federal Rules of Criminal Procedure, it is only when 3500 material is delivered that the defense may get a clear picture of the Government's case. In this district, it is customary for the Government to turn over such material either shortly before the trial, or in longer trials a week or so before the witness is expected to testify, in order to avoid trial delay while defense counsel reviews the material in preparation for cross-examination. Given the short notice, it will usually be most efficient, as defendants argue, for defense counsel to provide copies of 3500 material to their clients for their independent review, so that attorney-client consultation time can be devoted to discussing the material. Experienced defense counsel generally follow this practice.

While this practice is extremely helpful to defendants and their counsel, however, it is not a right guaranteed by statute or by the Constitution. Section 3500 codifies a right recognized in *Jencks v. United States,* 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), for a defendant to have access to prior statements of prosecution witnesses for purposes of cross-examination. The precise holding of the case was that the defendant "was entitled to an order directing the Government to produce for inspection all reports of [the Government's witnesses] in its possession, written and, when orally made, as recorded by the F.B.I., touching the events and activities as to which they testified at the trial.... Because only the defense is adequately equipped to determine the effective use for purpose of discrediting the Government's witness and thereby furthering the accused's defense, the defense must initially be entitled to see them to determine what use may be made of them." *Id.* at 668–69, 77 S.Ct. 1007.

Thus, *Jencks* requires the Government to produce copies of its witnesses' statements for inspection by the defense, for purposes of cross-examination. It does not give defendants a property interest in such statements, or require the multiplication of copies of internal prosecution notes or reports for whatever use the defendants choose to make of them. As codified in § 3500, the defendants' right is even narrower. The statute actually forbids courts to order discovery of such statements "until [the] witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). Only after such testimony is the trial court required to order the Government to produce such statements, for use at the trial. *Id.* § 3500(b).

In practice, the procedure described in the statute has proved unworkable. The Government frequently decides, in fairness to defendants as well as for tactical reasons of its own, to disclose material broader than the statutory definition of a witness "statement." The volume of 3500 material relating to frequently-debriefed cooperating witnesses is sometimes staggering, and often large enough that it would be hopeless for defendants and their lawyers to absorb it during a short recess between direct and cross examination of Government witnesses. Early disclosure

of 3500 material thus facilitates trial efficiency by avoiding lengthy recesses during trial. Such efficiency is vital for the sake of conscripted jurors, as well as for the expeditious conclusion of trials in busy courts where the time allotted to any one trial must perforce be limited.

While the strict rule of *Jencks* and § 3500 has come to be modified by practical necessity, the letter of the holding and of the statute remind us that 3500 material is ultimately provided for a limited purpose. Defendants are not given such material to facilitate general trial preparation or as a form of pre-trial discovery; indeed, Fed.R.Civ.P. 16(a)(2) and § 3500(a) specifically exclude 3500 material from pre-trial discovery. Once such material is provided, of course, competent defense counsel will make such use of it as they can, and in the ordinary case it is entirely appropriate for counsel to utilize 3500 material for pre-trial preparation, including by providing copies to their clients. But there is no vested right for such material to be provided in a form or under rules that facilitate leisurely review of the material by defendants.

■ That defendants have no *right* to extended independent review of 3500 materials in the privacy of their cells does not mean that the Court should ordinarily preclude such review. When the Government chooses, for entirely appropriate reasons, to provide early, generous and convenient disclosure of such materials, the defense is entitled to make its own legitimate use of the materials in preparation for trial, and it would be malpractice for counsel not to share the materials with their clients and seek the clients' input in evaluating the meaning and credibility of the witnesses' statements thus revealed.

There will be cases, however, in which a casual attitude toward the handling of 3500 material is ill-advised. Any lawyer with experience in the criminal justice system knows that copies of witness statements or other discovery material are often passed from hand to hand within the prisons. In particular, the wide dissemination of statements by cooperating witnesses who are regarded as "snitches" or "rats" by their criminal associates, and who often must serve their own sentences in close proximity to other prisoners, poses obvious dangers. It is not enough to say, as the defendants argue in this case, that the damage is done by the mere disclosure that a witness has cooperated with the authorities. Hard evidence of the witness's betrayal can facilitate retaliation or intimidation of the witness. It is therefore appropriate, in a case where such retaliation may be feared, to restrict the circulation of such material.

Defendants argue that such restrictions should only be imposed on a showing of actual threats to Government witnesses by the defendants. But such evidence will not often be obtained, and by the time intimidation or retaliation against witnesses has occurred, the damage has been done. In this case, defendants are accused of repeated acts of violence, including murder, allegedly committed to further a narcotics distribution enterprise. In such cases, witness intimidation is always to be feared. It is thus appropriate to limit the possession, circulation, and extraneous use of 3500 material in cases of this kind.

■ The Government, under § 3500, is entitled not to produce the statements in question at al until after each witness testifies. Such a solution would effectively preclude the kind of independent review of the materials by defendants that they seek. It would also hamper defense counsel's preparation and interfere with the efficient administration of justice. Where there is a legitimate concern for witness safety, a protective order of the sort re-

quested by the Government will facilitate the valuable practice of early and expansive disclosure of 3500 material while reducing the danger of obstruction of justice. It is therefore appropriate, and in the interests of justice, to grant the relief the Government seeks.

In one respect, however, the Government's request is over broad. The proposed order precludes the defendants from taking *any* 3500 material into the prisons except under the direct supervision of their attorneys. As noted, the rationale for this restraint is to protect against the intimidation of lay witnesses. Not all such material presents such danger. There is, for example, no need to grant such protection to statements that reveal only the testimony and activities of law enforcement officers. Permitting the defendants to review such material poses no danger, and promotes the efficient preparation defendants seek. Accordingly, the third branch of the proposed order will be modified to relate only to such 3500 material as reveals the identities or expected testimony of witnesses not employed by the Government. Of course, such material includes statements of police witnesses that incorporate or refer to the identity or testimony of lay witnesses. If defense counsel choose to take advantage of this modification to provide copies of innocuous 3500 material to their clients, they may not simply turn over files labeled with the names of Government agents, but will be responsible for appropriately separating materials to which the Court's order applies.

Accordingly, the Government's request for a protective order is granted.

It is therefore hereby ORDERED that:

1. Defendants and defense counsel shall return to the attorney for the Government or destroy all 3500 material and copies thereof, at the close of the trial or when any appeal has become final.

2. Defendants and defense counsel are prohibited from disclosing or disseminating any 3500 material or copies thereof to anyone other than defendants, their counsel, or investigators or staff assisting defense counsel. Any such staff shall be informed of, and shall be bound by, the requirement of paragraph 1 above.

3. Defendants are prohibited from taking 3500 material that discloses or refers to the identity, statements, or expected testimony of prospective witnesses other than Government agents or employees, or copies thereof, into any jail facility, or possessing such material or copies in any such facility, except when reviewing the material in the presence of defense counsel.

SO ORDERED.